UNITED STATES DISTRICY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22554-CIV COOKE/BANDSTRA

RAFAEL MORALES,

Plaintiff,

vs.

MERCO GROUP, INC. d/b/a
GRAND BAY HOTEL and MERCO
GROUP AT MGI HOTELS, LLC f/k/a
MERCO GROUP AT GB HOTEL, LC d/b/a
GRAND BAY HOTEL,

Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, MERCO GROUP, INC. d/b/a GRAND BAY HOTEL ("MERCO

GROUP, INC."), by and through its undersigned counsel, and pursuant to the

Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiff's

Second Amended Complaint and, in support thereof, states as follows:

1. On or about July 2nd, 2010, Plaintiff filed its Second Amended Complaint

    against MERCO GROUP, INC. and Merco Group at MGI Hotels, LLC f/k/a

    Merco Group at GB Hotel, LC d/b/a Grand Bay Hotel ("MERCO GROUP

    AT MGI"). A copy of Plaintiff's Second Amended Complaint is attached

    herein as **Exhibit "A."**

2. The Plaintiff's Complaint arises out of his employment at the Grand Bay

    Hotel in Coconut Grove, Miami, Florida.

3. Plaintiff's Second Amended Complaint attempts to allege a cause of

RAUL MORALES, P.A.
6701 COLLINS AVENUE, NORMANDY ROOM, MIAMI BEACH, FLORIDA, 33141
Tel. (786) 621-5205 ● Fax (786) 621-5652

-1-

action against MERCO GROUP, INC. for:

- a. Violation of Age Discrimination in Employment Act of 1967 (Count I),

- b. Violation of Florida Civil Rights Act of 1992 (Count II),

- c. Claims for Retaliation in Violation of the Age Discrimination in Employment Act (Count III),

- d. Retaliation in Violation of Florida Civil Rights Act, Fla. Stat. Ch. 760 (Count IV),

- e. Vicarious Liability for Violations of the ADEA and the Florida Civil Rights Act (Count V), and

- f. Negligent Supervision in Connection with Violations of the ADEA and the Florida Civil Rights Act (Count VI).

4. Plaintiff's Second Amended Complaint against MERCO GROUP, INC. should be dismissed for the following reasons:

- a. MERCO GROUP, INC. is not a proper party to this action, and

- b. Plaintiff fails to state a cause of action against MERCO GROUP, INC.

## STANDARD FOR DISMISSAL

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 29 (2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

## COUNT ONE through SIX
## (Merco Group, Inc.)

Plaintiff attempts to allege a violation of the Florida Civil Rights Act ("FCRA") and the Age in Employment Discrimination Act ("ADEA"). In light of the fact that the FCRA is patterned after Title VII, federal case law dealing with Title VII is applicable to employment discrimination claims brought under Florida law. Etienne v. Muvico Theaters, Inc., 2003 WL 21184268 (S.D.Fla. Mar. 11, 2003) (No. 01-6265-CIV.) (citing Florida Department of Community Affairs v. Bryant, 586 So.2d 1205 (Fla. 1st DCA 1991).

The Age Discrimination in Employment Act ("ADEA") and Title VII apply an economic realities/common law control test to determine whether an employee-employer relationship exists between the parties. Cobb v. Sun Papers, Inc., 673 F.2d 337, 340 (11th Cir. 1982); Deal v. State Farm County Mutual Insurance Co. of Texas, 5 F.3d 117 (5th Cir. 1993). Determining whether an employee-employer relationship exists involves a two-step process, and the burden of proving this relationship falls on the Plaintiff. First, the Defendant must fall within the statutory definition of an employer, which in this case is not in dispute. Second, there must be an employment relationship between the Plaintiff and the Defendant. Lyes v. City of

RAUL MORALES, P.A.
6701 COLLINS AVENUE, NORMANDY ROOM, MIAMI BEACH, FLORIDA, 33141
Tel. (786) 621-5205 ● Fax (786) 621-5652

-3-

Rivera Beach Florida, 166 F.3d 1332, 1340-41 (11th Cir. 1999); Deal v. State Farm County Mutual Insurance Co. of Texas, 5 F.3d 117 (5th Cir. 1993). To analyze the parties' relationship, courts use some variation of a two part "economic realities/common law control test." ." Lyes v. City of Rivera Beach Florida, 166 F.3d 1332, 1340-41 (11th Cir. 1999); Cuddeback v. Fla. Bd. Of Educ., 381 F.3d 1230 (11th Cir. 2004); Cobb v. Sun Papers, Inc., 673 F.2d 337, 340 (11th Cir. 1982); Deal v. State Farm County Mutual Insurance Co. of Texas, 5 F.3d 117 (5th Cir. 1993).

The economic realities portion of the test requires the court to consider such things as: 1) whether the alleged employer paid the employee's salary, 2) withheld taxes, 3) provided benefits, and 4) set terms and conditions of employment. The fewer economic connections that exist, the more tenuous the case for having established an "employment" relationship is considered to be. The common law control test considers whether and to what extent the defendant has the right to control the employee's conduct, for instance the right to hire and fire, the right to supervise the employee and the right to set the employee's work schedule. Ojelade v. Liberty Mutual, 2007 WL 809787 (N.D. Fla. 2007).[1]

Plaintiff's Second Amended Complaint attempts to allege that MERCO GROUP, INC. was the Plaintiff's employer. The Plaintiff's only basis for the aforementioned statement is the allegation that "[a]t the time Plaintiff worked there,

---

[1] The Third District Court of Appeal of Florida has adopted the Eleventh's Circuit's interpretation of an employer-employee relationship. In determining whether an employer-employee relationship exists, the Third District Court of Appeal of Florida considered whether the defendant exercised control over recruitment, employee evaluation personnel policies, wage structures, staff schedules, bookkeeping and account procedures, benefits plans, payment of wages, income tax withholding, and the hiring and firing of employees. Diaz v. Impex of Doral, Inc., 7 So.3d 591, 592-94 (Fla. 3d DCA 2009); Martinolich v. Golden Leaf Management, Inc., 786 So.2d 613 (Fla. 3d DCA 2001).

RAUL MORALES, P.A.
6701 COLLINS AVENUE, NORMANDY ROOM, MIAMI BEACH, FLORIDA, 33141
Tel. (786) 621-5205 ● Fax (786) 621-5652

-4-

he received paychecks from 'MERCO GROUP, INC.' and in light of the economic realities of the entire relationship between the parties, 'MERCO GROUP, INC.' and MERCO GROUP AT MGI HOTELS, LLC.,' jointly employed Plaintiff." Please see paragraph 7 of Plaintiff's Second Amended Complaint. Other than the aforementioned allegation, the Plaintiff's Second Amended Complaint does not contain a single factual assertion suggesting that MERCO GROUP, INC. employed Plaintiff. While the Plaintiff implies that in light of the "economic realities" of the parties, MERCO GROUP, INC. and MERCO GROUP AT MGI, jointly employed Plaintiff, Plaintiff fails to provide a single demonstrable example or actual statement of fact to support his contention that MERCO GROUP, INC. and MERCO GROUP AT MGI jointly employed Plaintiff and that MERCO GROUP, INC. discriminated against Plaintiff.

The only basis to join MERCO GROUP, INC. as a party defendant in the Second Amended Complaint is because Plaintiff allegedly received paychecks from MERCO GROUP, INC. Please see paragraph 7 of Plaintiff's Second Amended Complaint. However, Plaintiff's 2007 W-2, from the Grand Bay Hotel, clearly shows MERCO GROUP AT MGI as his only employer. A copy of Plaintiff's 2007 W-2 is attached herein as **Exhibit "B."** Moreover, the Plaintiff has failed to allege that MERCO GROUP, INC. retained any control over the terms and conditions of Plaintiff's employment. Specifically, that MERCO GROUP, INC. interviewed, fired, provided benefits to Plaintiff, set Plaintiff's work schedule, provided daily supervision to Plaintiff, and/or treated Plaintiff as an employee for tax purposes.

MERCO GROUP, INC. did not exert any economic influence over Plaintiff

and did not have a right to control the means and manner of Plaintiff's performance. Plaintiff was selected, employed, controlled, trained, and paid by MERCO GROUP AT MGI only as is reflected in his 2007 W-2 form received from the Grand Bay Hotel. Plaintiff was never employed by MERCO GROUP, INC. Plaintiff was an employee of MERCO GROUP AT MGI exclusively. MERCO GROUP, INC. and MERCO GROUP AT MGI did not jointly employed Plaintiff.

As it stands now, Plaintiff's Second Amended Complaint, consisting only of conclusory allegations regarding the "economic reality" theory and failing to provide any factual allegation that would support his contention that MERCO GROUP, INC. was his employer fails to meet the threshold bar of pleading enough specific facts to move across the line from the conceivable to the plausible. Twombly, 127 S.Ct. at 1974. It is evident that Plaintiff's claims lack the minimum factual allegations required by Twombly. Moreover, Plaintiff fails to meet the economic realities/common law control test as Plaintiff's unsubstantiated and sole basis to join MERCO GROUP, INC. as a party defendant is because Plaintiff allegedly received paychecks from MERCO GROUP, INC. However, as evidenced by Plaintiff's 2007 W-2 attached herein, it is manifest that MERCO GROUP, INC. did not issue any paychecks to Plaintiff and that MERCO GROUP AT MGI was Plaintiff's only employer.

As a result, there is no economic connection between Plaintiff and MERCO GROUP, INC. and Plaintiff has failed to establish an employee-employer relationship between Plaintiff and MERCO GROUP, INC. Accordingly, Plaintiff's Second Amended Complaint against MERCO GROUP, INC. should be dismissed with

prejudice.

**WHEREFORE**, MERCO GROUP, INC. requests that this Court enter an Order dismissing Plaintiff's Second Amended Complaint *with prejudice*, and for such other and further relief as this Court deems equitable and just.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on 12th day of August, 2010, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

> RAUL MORALES, P.A.
> Attorney for Defendant
> 6701 Collins Avenue
> Normandy Room
> Miami, Fl. 33141
> Tel.: 786.621.5205
> Fax: 786.621.5652
> Email: raul@raulmoraleslaw.com

> By:   /s/ Raul Morales
>       RAUL MORALES
>       Fla. Bar No. 0653071

**RAUL MORALES, P.A.**
6701 COLLINS AVENUE, NORMANDY ROOM, MIAMI BEACH, FLORIDA, 33141
Tel. (786) 621-5205 ● Fax (786) 621-5652

-8-

Case No. 1:09-civ-22554- COOKE/Bandstra
Motion to Dismiss

## SERVICE LIST

**Martin E. Leach, Esq.**
FEILER & LEACH, PL
901 Ponce de Leon Blvd.
Penthouse Suite
Coral Gables, FL 33134


Via **CM/ECF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 09-22554-CIV-COOKE

RAFAEL MORALES,                         Magistrate Judge Bandstra

Plaintiffs,

v.

MERCO GROUP, INC., d/b/a
GRAND BAY HOTEL and MERCO
GROUP AT MGI HOTELS, LLC., f/k/a
MERCO GROUP AT GB HOTEL, LC, d/b/a
GRAND BAY HOTEL,

Defendants.

_____/

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiffs, RAFAEL MORALES, ("Plaintiff" or "Mr. Morales") sues the Defendants,

MERCO GROUP, INC., a Florida corporation, and MERCO GROUP AT MGI HOTELS, LLC.,

f/k/a MERCO GROUP AT GB HOTEL, LC, d/b/a GRAND BAY HOTEL, (Defendants will be

collectively referred to as "Defendant" or "MERCO") and alleges:

### INTRODUCTION

1.     This is an action to recover damages pursuant to the Age Discrimination in

Employment Act, 29 U.S.C. §621 *et seq.*, and the Florida Civil Rights Act of 1992 (Florida Statutes

Chapter 760 *et seq.*) and pendant common law claims.   After almost a year of devoted and

continuous service to his employer, Mr. Morales was intentionally and improperly discriminated and

retaliated against when he was terminated from his job as General Cashier/Income Auditor, on

September 21, 2007. His termination was committed with malice and reckless disregard for his

rights on the basis of his age and in retaliation for complaints that he had made regarding discrimination under a false pretext of unsatisfactory job performance.

## JURISDICTIONAL ALLEGATIONS

2.      This action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.,* and Florida Statute Chapter 760 *et seq.*

3.      This Court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. §1343(4), 29 U.S.C. §626(c)(1), and 29 U.S.C. §2617.

4.      The Court has supplemental jurisdiction over the Florida Statutory claims pursuant to 28 U.S.C. §1367 and original jurisdiction under 28 U.S.C. §1343(3).

5.      Venue lies within the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## PARTIES

6.      Plaintiff, at all material times, was a United States citizen and lawful resident of Miami-Dade County, over the age of 18, and was employed as a General Cashier/Income Auditor.

7.      At all times material, Defendant owned and operated a business which is located in the Southern District of Florida, is engaged in an industry affecting commerce, employs more than 15 persons, and was Plaintiff's employer at the time of the actions giving rise to this cause of action. Plaintiff worked at the Grand Bay Hotel. At the time Plaintiff worked there, he received paychecks from "MERCO GROUP, INC" and in light of the economic realities of the entire relationship between the parties, "MERCO GROUP, INC." and "MERCO GROUP AT MGI HOTELS, LLC.," jointly employed Plaintiff. Defendant was responsible for all human resource issues, including

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 3*

payroll and disciplining employees who violated civil rights laws.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8.      As jurisdictionally relevant, Plaintiff, filed a charge of discrimination with the United

States Equal Employment Opportunity Commission which was assigned charge number 510-2008-

00439.

9.      After completing its investigation, the Equal Employment Opportunity Commission

issued its Letter of Determination on January 9, 2009. The letter of determination found, in relevant

part, as follows:

> [Plaintiff], a General Cashier/Income Auditor, alleged that [Defendant] retaliated
> against him when he complained to the Human Resource Coordinator that he was
> being harassed and discriminated against by the Hotel Comptroller because of his age
> (72 years old). [Plaintiff] alleged that two weeks following his complaint he was
> summarily terminated from his position and his duties were reassigned to younger
> and less experienced employees.
>
> [Defendant] denies the allegations and contends that [Plaintiff] was not retaliated
> against but terminated for performance below standards. In support of its contention,
> [Defendant] stated that [Plaintiff] had been *verbally* advised of poor performance.
>
> The evidence indicates that [Plaintiff] was hired in January 2007 by another manager,
> and prior to the hiring of the new Comptroller in April 2007, [Plaintiff] had no
> reported complaints with his performance. After the Comptroller's hire, he hired five
> (5) employees ranging in age from 18 to 37, and thereafter began taking issue with
> Mr. Morales.    During the investigation, [Defendant] provided no credible
> documentary evidence to support that [Plaintiff] was not performing his job. In fact,
> after his termination, [Plaintiff] was contacted on numerous occasions to provide
> training to new staff in the performance of his duties. It is not credible that [Plaintiff]
> was performing poorly, and then recruited by [Defendant] to train staff.
>
> **The Commission concludes that [Plaintiff] was retaliated against when he**
> **complained of disparate treatment, and further, that his age was a factor**
> **considered by the [Defendant] when it terminated his employment because he**
> **complained.**

Feiler & Leach, P.L.
901 Ponce de Leon Blvd., Penthouse Suite • Coral Gables, FL 33134 • (305)441-8818

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 4*

## Based on this analysis, I have determined that the evidence obtained during the investigation establishes a violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA).

(Exhibit "A"). After efforts at conciliation failed, the Equal Employment Opportunity Commission issued its Notice of Right to Sue on June 29, 2009. In its Notice of Right to Sue, the Equal Employment Opportunity Commission "**found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matter alleged in the charge . . .**" (Exhibit "B").

10.     Thus, all conditions precedent to the initiation of this action against MERCO have been complied with through the administrative procedures of the Equal Employment Opportunity Commission.

### FACTS GIVING RISE TO CAUSE OF ACTION

11.     Plaintiff was employed by Defendant since January 1, 2007 as a General Cashier/Income Auditor until his unlawful discharge on September 21, 2007.

12.     In April 2007, several months after Plaintiff commenced employment with MERCO, a new Comptroller named Jaison Cherian was hired. In his capacity as Comptroller, Mr. Cherian was Plaintiff's direct supervisor. Plaintiff immediately noticed that he was being treated differently than younger staff members and believed the disparate treatment was because of his age. Furthermore, he noticed that Mr. Cherian was hiring only young people to work for MERCO. Consequently, two weeks prior his discharge, on or about September 7, 2007, Plaintiff complained to the Human Resource Coordinator, Silvie Zafrilla, about the discrimination on the basis of age that he had observed. Exactly two weeks later, on September 21, 2007, Plaintiff was terminated for

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 5*

alleged "poor performance."    Shortly after being terminated, Plaintiff was called by Richard Itturizaga, the Office Manager for Accounting, and asked to assist in the training of his replacement, who was in his twenties.

Plaintiff was known as a hard-working, reliable and cooperative employee for more than nine months with MERCO.  He received excellent reviews for his service during his employment prior to the hiring of his new supervisor, Mr. Cherion.

13.    Plaintiff's work performance, at all times relevant, was consistent with or exceeded his employer's legitimate expectations.

14.    Plaintiff was wrongfully terminated on a pretext on September 21, 2007.  The termination was improper under law and was in violation of the Defendant's own policies and procedures.

15.    Plaintiff was born on November 28, 1934, and was 73 years old at the time he was wrongfully terminated.

16.    Plaintiff was wrongfully terminated because of his age and/or in retaliation for having engaged in protected activity.

17.    Plaintiff was replaced after his termination with a younger person.

18.    Age and/or retaliation were motivating factors in Plaintiff's termination, and but for either or both of these factors, Defendant would not have terminated him.

19.    At or about the time of Plaintiff's termination, the Defendant was engaged in an improper and illegal course of conduct designed to systematically eliminate older workers. This was being carried out by Mr. Cherion as evidenced by his hiring practices.

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 6*

20.     This discrimination on the basis of age and/or in retaliation for having engaged in

protected activity was willfully and knowingly perpetrated by the Defendant.

21.     Plaintiff was humiliated, embarrassed and shamed that he would be terminated from

his job, and he has suffered a great deal of mental anguish since and as a result of his termination.

22.     Plaintiff lost her only source of employment as a result of his termination and has

been sought to find alternate employment without success.

23.     As a direct and approximate result of the acts and omissions set forth above, Plaintiff

has suffered the following injuries:

       A.     Pain and suffering.

       B.     Mental anguish, including but not limited to embarrassment, humiliation,

personal inconvenience, and emotional distress;

       C.     Loss of capacity for the enjoyment of life;

       D.     Deprivation of life, liberty and property;

       E.     Legal fees and expenses;

       F.     Loss of earnings and increases in pay in the past and future;

       G.     Loss of earning capacity;

       H.     Injury to reputation;

       I.     Loss of the rights described herein;

       J.     Back Pay;

       K.     Value or the reinstatement of all benefits that he would have enjoyed but for

the wrongful discharge including, but not limited to, bonuses, retirement and pension benefits, health

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 7*

insurance, meal benefits, and vacation benefits;

      L.    Incidental expenses;

      M.    Front pay and benefits until Plaintiff attains the age of 70 and/or a reasonable

time;

      N.    Liquidated damages and Punitive Damages;

      O.    Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiff will so suffer in the future.

25.    Trial by jury demanded for all issues so triable if right by jury.

## COUNT ONE

## Violation of Age Discrimination in Employment Act of 1967

26.    The allegations of Paragraphs 1 through 25 are adopted and incorporated as if they were fully set forth herein.

27.    This action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.*

28.    The actions taken by Defendant in terminating Plaintiff based on her age are in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

29.    Plaintiff was discriminated against by the Defendant because of his age since he was wrongfully terminated because of his age.

30.    Defendant and its management personnel knew that their termination of Plaintiff was in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.,* or recklessly

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 8*

disregarded the rights of the Plaintiff and whether their acts were in violation of law.

31.     As a direct and proximate result of the age discrimination by the Defendant, Plaintiff

has sustained a loss of back pay, benefits, incidental expenses, and front pay and benefits.

32.     Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. §626(b) because of

Defendant's willful violation of the Age Discrimination in Employment Act.

33.     Plaintiff is further entitled to his costs and attorneys' fees pursuant to 29 U.S.C.

§216(b).

WHEREFORE, Plaintiff demands judgment against the Defendant for back pay; for the value

of or the reinstatement of all benefits that he would have enjoyed but for the discriminatory

termination, including, but not limited to, bonuses, retirement and pension benefits, 401(K) benefits,

health insurance, and vacation benefits; incidental expenses; front pay and benefits; liquidated

damages; costs and reasonable attorneys fees; prejudgment interest on all liquidated damages;

compensatory damages; and all other relief the Court sees fit to grant.

## COUNT TWO

### Violation of Florida Civil Rights Act of 1992

34.     The allegations of Paragraphs 1 through 25 are adopted and incorporated as if they

were fully set forth herein.

35.     The conduct of the Defendant to the Plaintiff in relation to his improper termination

violates the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760.

36.     Defendant's violation of the Florida Civil Rights Act of 1992 as established at Florida

Statutes Chapter 760 has resulted in damages to Plaintiff.

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 9*

37.     As a result of the Defendant's violation, Plaintiff is entitled to recover compensatory and punitive damages against the Defendant.

38.     Under the terms of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, Plaintiff is entitled to recover from Defendant's her attorney's fees and costs in bringing this action.

WHEREFORE, Plaintiff demands judgment against the Defendant for back pay; for the value of or the reinstatement of all benefits that he would have enjoyed but for the discriminatory termination, including, but not limited to, bonuses, retirement and pension benefits, 401(K) benefits, health insurance, and vacation benefits; incidental expenses; front pay and benefits; liquidated damages; costs and reasonable attorneys fees; prejudgment interest on all liquidated damages; compensatory damages; and all other relief the Court sees fit to grant.

## COUNT THREE

## Claims for Retaliation in Violation of the Age Discrimination in Employment Act

39.     Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs 1 through 25.

40.     This is an action to recover damages and injunctive relief for retaliation brought pursuant to the Age Discrimination in Employment Act.

41.     The actions taken by Defendant are in violation of the anti-retaliation provision of the Age Discrimination in Employment Act.

42.     Plaintiff belongs to a protected class within the meaning of the Age Discrimination in Employment Act because he is over 40.

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 10*

43.      Plaintiff engaged in protected activity through complaints to the Human Resource Office alleging that he was being subjected to discrimination on the basis of his age.

44.      Plaintiff was retaliated against for engaging in protected activity by being terminated from employment. The adverse employment action was causally related to Plaintiff's protected activity.

45.      As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

46.      MERCO is liable because, as set forth above, their supervisory personnel were responsible for the retaliatory actions complained of, which actions were in violation of law, and no corrective action to stop and/or prevent it was undertaken.

47.      As a direct and proximate result of the actions or omissions of MERCO, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover by law.

48.      As a result of the deprivations of rights at the hands of MERCO, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. Section 2000e-5k and otherwise by law.

WHEREFORE, Plaintiff, RAFAEL MORALES, demands judgment against the Defendant, MERCO for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to the Age Discrimination in Employment Act and further demands judgment for punitive damages and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

_____**COUNT FOUR**

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 11*

### Retaliation in Violation of Florida Civil Rights Act, Fla.Stat.Ch. 760

49.     Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1 through 25.

50.     This is an action for damages and injunctive relief brought pursuant to the Florida Civil Rights Act. Fla.Stat.Ch. 760.

51.     The conduct of the Defendant to the Plaintiff in relation to the conduct described above was in violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760.

52.     As set forth above, Plaintiff engaged in protected activity through his complaints to the Human Resource Office alleging discrimination on the basis of age.

53.     Plaintiff was retaliated against for engaging in protected activity by being terminated. The adverse employment action was causally related to Plaintiff's protected activity.

54.     As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

55.     MERCO is liable because, as set forth above, its management personnel were responsible for the actions complained of.

56.     As a direct and proximate result of the actions or omissions of MERCO, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover under the terms of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, *et.seq.*

57.     As a result of the deprivations of rights at the hands of MERCO, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to

the Florida Civil Rights Act, Fla.Stat.Ch. 760.

WHEREFORE, Plaintiff, demands judgment against the Defendant, MERCO for damages
as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees
pursuant to Fla.Stat.Ch. 760 and further demands judgment for punitive damages and such other
relief as this Court deems just and equitable and further demands trial by jury for all issues so triable
of right by jury.

## COUNT FIVE

### Vicarious Liability for Violations of the ADEA and the Florida Civil Rights Act

58.     Plaintiffs adopt and allege the allegations of paragraphs 1 through 25.

59.     The above-described violations of the ADEA and the Florida Civil Rights Act
were committed by Defendant's agents and employees while they were acting within the course
and scope of his duties as employees or agents of Defendant.

60.     Defendant is liable to Plaintiff for compensatory damages for all injuries caused by
the above-described violations of the ADEA and the Florida Civil Rights Act by its agents.

WHEREFORE, Plaintiffs demand judgment against the Defendant for damages as set
forth above, plus injunctive relief, the costs of this action, attorney's fees and further demands
trial by jury for all issues so triable of right by jury.

### COUNT SIX

### Negligent Supervision in Connection with Violations of the ADEA and the Florida Civil

### Rights Act

61.     Plaintiffs adopt and allege the allegations of paragraphs 1 through 25.

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 13*

62.     The above-described violations of the ADEA and the Florida Civil Rights Act

were committed by Defendant's agents either while they were acting within the course and scope

of their duties or outside the course and scope of their duties as an employee or agent of

Defendant.

63.     Defendant had a duty to supervise its employees and agents in such a way as to

prevent those employees and agents from violating the ADEA and the Florida Civil Rights Act.

64.     Defendants negligently failed to supervise its agents to ensure that they complied

with the ADEA and the Florida Civil Rights Act thereby causing injury to Plaintiff.

65.     Defendant is liable to Plaintiff for compensatory damages for all injuries caused

by the negligent failure to prevent their employees and agents from violating the ADEA and the

Florida Civil Rights Act.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages as set

forth above, plus injunctive relief, the costs of this action, attorney's fees and further demands

trial by jury for all issues so triable of right by jury.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

Dated this 24th day of June, 2009.

Respectfully Submitted;

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 14*

**FEILER & LEACH, P.L.**
*Attorneys for Plaintiff*
901 Ponce de Leon Blvd.
Penthouse Suite
Coral Gables, Florida 33134
Tel: (305) 441-8818
Fax: (305) 441-8081
MEL@FLMLEGAL.COM

By: _____/s/_____

**MARTIN E. LEACH**
Fla. Bar No. 0037990

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2010, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel or pro se parties identified on the Service List in the manner specified,

either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Electronic Filing.

**FEILER & LEACH, P.L.**
*Attorneys for Plaintiff*
901 Ponce de Leon Blvd.
Penthouse Suite
Coral Gables, Florida 33134
Tel: (305) 441-8818
Fax: (305) 441-8081
MEL@FLMLEGAL.COM

By: _____/s/_____

**MARTIN E. LEACH**
Fla. Bar No. 0037990

*Rafael Morales v. Merco Group, Inc.*
*Case No.09-22554-CIV-COOKE/BANDSTRA*
*Page 15*

Safe, accurate, **IRS** *e~file*  Visit the IRS Web Site
FAST! Use  at www.irs.gov/efile

Employee  Reference
Copy
**W-2**  Wage and Tax
Statement  **2007**
OMB No. 1545-0008

Copy C for employee's records

| d Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 006143 04/JL1 | 663560 | | T | 123 |

c Employer's name, address, and ZIP code

MERCO  GROUP  AT  GB
HOTEL  LC
6701  COLLINS  AVE
MIAMI  BEACH  FL  33141

Batch  #00453

e/f Employee's name, address, and ZIP code

RAFAEL  E.  MORALES
7500  SW  82  AVE
MIAMI,FL  33143

| b Employer's FED ID number 20-2971082 | a Employee's SSA number 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 |
|---|---|
| 1 Wages, tips, other comp. 23068.78 | 2 Federal income tax withheld 2883.75 |
| 3 Social security wages 23068.78 | 4 Social security tax withheld 1430.26 |
| 5 Medicare wages and tips 23068.78 | 6 Medicare tax withheld 334.50 |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
|---|---|
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

---

**2007  W-2 and EARNINGS SUMMARY**
(REPORTING  FOR THE YEAR 2007)

This blue Earnings Summary section is included with your W-2 to help describe portions in more detail.
The reverse side includes general information that you may also find helpful.

1. The following information reflects your final 2007 pay stub plus any adjustments submitted by your employer.

| | | | |
|---|---|---|---|
| Gross Pay | 23068.78 | Social Security Tax Withheld Box 4 of W-2 | 1430.26 FL. State Income Tax Box 17 of W-2 SUI/SDI Box 14 of W-2 |
| Fed. Income Tax Withheld Box 2 of W-2 | 2883.75 | Medicare Tax Withheld Box 6 of W-2 | 334.50 |

2. Your Gross Pay was adjusted as follows to produce your W-2 Statement.

| | Wages, Tips, Other Compensation Box 1 of W-2 | Social Security Wages Box 3 of W-2 | Medicare Wages Box 5 of W-2 | FL. State Wages, Tips, Etc. Box 16 of W-2 |
|---|---|---|---|---|
| Gross Pay | | | | |
| Reported W-2 Wages | 23,068.78 23,068.78 | 23,068.78 23,068.78 | 23,068.78 23,068.78 | |

3. Employee W-4 Profile. To change your Employee W-4 Profile Information, file a new W-4 with your payroll dept.

RAFAEL  E.  MORALES
7500  SW  82  AVE
MIAMI,FL  33143

Social Security Number: 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
Taxable Marital Status:  SINGLE

Exemptions/Allowances:
FEDERAL:  0
STATE:  No State Income Tax

© 2010 ADP, INC.

---

| 1 Wages, tips, other comp. 23068.78 | 2 Federal income tax withheld 2883.75 |
|---|---|
| 3 Social security wages 23068.78 | 4 Social security tax withheld 1430.26 |
| 5 Medicare wages and tips 23068.78 | 6 Medicare tax withheld 334.50 |
| d Control number 006143 04/JL1 663560 | Dept. Corp. Employer use only T 123 |

c Employer's name, address, and ZIP code

MERCO  GROUP  AT  GB
HOTEL  LC
6701  COLLINS  AVE
MIAMI  BEACH  FL  33141

| b Employer's FED ID number 20-2971082 | a Employee's SSA number 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 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address and ZIP code

RAFAEL  E.  MORALES
7500  SW  82  AVE
MIAMI,FL  33143

| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
|---|---|
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

Federal Filing Copy
**W-2**  Wage and Tax Statement  **2007**
OMB No. 1545-0008
Copy B to be filed with employee's Federal Income Tax Return.

---

| 1 Wages, tips, other comp. 23068.78 | 2 Federal income tax withheld 2883.75 |
|---|---|
| 3 Social security wages 23068.78 | 4 Social security tax withheld 1430.26 |
| 5 Medicare wages and tips 23068.78 | 6 Medicare tax withheld 334.50 |
| d Control number 006143 04/JL1 663560 | Dept. Corp. Employer use only T 123 |

c Employer's name, address, and ZIP code

MERCO  GROUP  AT  GB
HOTEL  LC
6701  COLLINS  AVE
MIAMI  BEACH  FL  33141

| b Employer's FED ID number 20-2971082 | a Employee's SSA number 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 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address and ZIP code

RAFAEL  E.  MORALES
7500  SW  82  AVE
MIAMI,FL  33143

| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
|---|---|
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

FL.State Reference Copy
**W-2**  Wage and Tax Statement  **2007**
OMB No. 1545-0008
Copy 2 to be filed with employee's State Income Tax Return.

---

| 1 Wages, tips, other comp. 23068.78 | 2 Federal income tax withheld 2883.75 |
|---|---|
| 3 Social security wages 23068.78 | 4 Social security tax withheld 1430.26 |
| 5 Medicare wages and tips 23068.78 | 6 Medicare tax withheld 334.50 |
| d Control number 006143 04/JL1 663560 | Dept. Corp. Employer use only T 123 |

c Employer's name, address, and ZIP code

MERCO  GROUP  AT  GB
HOTEL  LC
6701  COLLINS  AVE
MIAMI  BEACH  FL  33141

| b Employer's FED ID number 20-2971082 | a Employee's SSA number 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 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address and ZIP code

RAFAEL  E.  MORALES
7500  SW  82  AVE
MIAMI,FL  33143

| 15 State Employer's state ID no. FL | 16 State wages, tips, etc. |
|---|---|
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

FL.State Filing Copy
**W-2**  Wage and Tax Statement  **2007**
OMB No. 1545-0008
Copy 2 to be filed with employee's State Income Tax Return.

**Exhibit "B"**