UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22554-Civ-COOKE/BANDSTRA

RAFAEL MORALES,

     Plaintiff

vs.

MERCO GROUP, INC., *et al.*,

_____/

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me on Defendant Merco Group, Inc.'s Motion to Dismiss, and Defendants Merco Group, Inc. and Merco Group at MGI Hotels, LLC's Motion for Summary Judgment. I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, Defendant Merco Group, Inc.'s Motion to Dismiss is denied, and Defendants Merco Group, Inc. and Merco Group at MGI Hotels, LLC's Motion for Summary Judgment is denied.

## I. BACKGROUND

This is an employment related age discrimination and retaliation case. The Plaintiff, Rafael Morales, was employed as the General Cashier/Income Auditor at the Grand Bay Hotel. Mr. Morales alleges that he was subject to different terms and conditions of employment based on his age, and that after complaining of the disparate treatment he was wrongfully terminated because of his age and/or because of he complained about being treated differently because of his age.

The Plaintiff's Second Amended Complaint sets out causes of action for: violation of the Age Discrimination in Employment Act (ADEA) (Count One); violation of the Florida Civil

Rights Act (FCRA) (Count Two); retaliation in violation of the ADEA (Count Three); retaliation

in violation of the FCRA (Count Four); vicarious liability for violations of the ADEA and FCRA

(Count Five); and negligent supervision in connection with violations of the ADEA and FCRA

(Count Six).

## II. LEGAL STANDARDS

### A.      *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)*

"A pleading that states a claim for relief must contain . . . a short and plain statement of

the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  A plaintiff must

articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 129 S. Ct. 1937 (2009).  Detailed factual allegations are not required, but a pleading that

offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action

will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  A complaint's factual allegations

must be enough to raise a right to relief above speculative level. *Id.*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a court must accept all of the plaintiff's allegations as true and construe them in the

light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir.

2008).  "A court's review on a motion to dismiss is limited to the four corners of the complaint,"

and any attachments incorporated into the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555

F.3d 949, 959 (11th Cir. 2009).

**B.**     *Motion for Summary Judgment Under Federal Rule of Civil Procedure 56*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U .S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (U.S. 2007).

## III. ANALYSIS

### A.   *Motion to Dismiss*

The Plaintiff has alleged, "he received paychecks from 'Merco Group, Inc.' and in light of the economic realities of the entire relationship between the parties, 'Merco Group, Inc.' and 'Merco Group at MGI Hotels, LLC,' jointly employed [him]."  (Second Am. Compl. ¶ 7). Defendant Merco Group, Inc. argues that the Plaintiff's Second Amended Complaint should be dismissed against Merco Group, Inc. because the complaint fails to sufficiently allege that there was an employment relationship between Mr. Morales and Merco Group, Inc.  (*See* Mot. to Dismiss 5, ECF No. 61).  Merco Group, Inc. bolsters its argument by asserting that Mr. Morales' 2007 W-2 form from the Grand Bay Hotel shows Merco Group at MGI Hotels, LLC as his only employer.  (*Id.*)

The Age Discrimination in Employment Act prohibits age-based discrimination in employment practices and decisions against workers over the age of 40.  29 U.S.C. §§ 621, 623, 631.  An ADEA claim requires the existence of an employer-employee relationship between the plaintiff and the defendant. *Luna v. Roche*, 89 F. App'x 878, 881 (5th Cir. 2004).  Under the ADEA, and "employer" is "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b).  An "employee" under the Act is "an individual employed by any employer."[1]  29 U.S.C. § 630(f).

> To analyze the parties' relationship, courts use some variation of a two part "economic realities/common law control test."  The economic realities portion of the test requires the court to consider such things as whether the alleged employer

---

[1]  The ADEA contains certain enumerated exceptions regarding who is an "employee," none of which are applicable in this case.  29 U.S.C. § 630(f).

paid the employee's salary, withheld taxes, provided benefits and set terms and conditions of employment.  The fewer economic connections that exist, the more tenuous the case for having established an "employment" relationship is considered to be.  The common law control test considers whether and to what extent the defendant has the right to control the employee's conduct, for instance the right to hire and fire, the right to supervise the employee and the right to set the employee's work schedule.

*Ojelade v. Liberty Mut.*, 2007 WL 809787, at *4 (N.D. Fla. Mar. 15, 2007) (citing *Lyes v. City of Rivera Beach Fla.*, 166 F.3d 1332, 1340-41 (11th Cir. 1999) and *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, (11th Cir. 2004)).

In this case, Mr. Morales has alleged in his complaint that he was paid by Merco Group, Inc.  Paying an individual's salary is one of the main criteria under the economic realities test, and also necessarily factors into the common law control test.  The Plaintiff's allegations are sufficient to withstand a motion to dismiss.  Looking to the Plaintiff's 2007 W-2 form, as suggested by Merco Group, Inc., is not appropriate at the motion to dismiss stage.  For these reasons Merco Group, Inc.'s motion to dismiss is denied.

**B.    *Motion for Summary Judgment***

As a threshold matter, the Defendants did not file a statement of undisputed facts, as is required under Local Rule 7.5(c).  The Plaintiff did file a statement of undisputed facts, in response to the Defendant's summary judgment motion.  The facts set forth in Plaintiff's statement of undisputed facts are deemed admitted to the extent that they are supported by evidence in the record, since the Defendants have not filed an opposing statement of facts controverting Plaintiff's statement.  S.D. Fla. L.R. 7.5(d); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).

Defendant Merco Group, Inc. offers the 2007 W-2 form, which was issued by Merco Group at MGI Hotels, LLC to Mr. Morales, as evidence that Mr. Morales and Merco Group, Inc.

did not have an employer-employee relationship.  (Mot. For Summ. J. 4, ECF No. 65).  This

conclusion is refuted, however, by Mr. Morales' affidavit in which he states that Merco Group,

Inc. and Merco Group at MGI Hotels, LLC jointly employed him, as evidenced by their shared

management services such as payroll check writing, their shared employee policy manuals which

identified employees of the Grand Bay Hotel as employees of Merco Group, their shared

managers and personnel, and Merco Group, Inc.'s general control over everything that happened

at the Grand Bay Hotel.  (Morales Decl. ¶ 3, ECF No. 67-1).  Based on the record evidence, there

is indeed a material issue of fact that precludes summary judgment on the issue of whether

Merco Group, Inc. and Merco Group at MGI Hotels, LLC are the joint employers of Mr.

Morales.

The Defendants next argue that Mr. Morales has failed to establish a prima facie case of

age discrimination under the ADEA.  A plaintiff asserts a prima facie case "for an ADEA

violation is by showing that he (1) was a member of the protected age group, (2) was subjected

to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or

otherwise lost a position to a younger individual." *Chapman v. AI Transport*, 229 F.3d 1012,

1024 (11th Cir. 2000).  The Defendants' focus their arguments on the third and fourth prongs of

this test.[2]

The Defendants assert that Mr. Morales has not "demonstrated that he was replaced by a

younger person." (Mot. For Summ. J. 7, ECF No. 65).  This statement, which is unsupported by

any citations to the record, is directly refuted by the testimony of Mr. Morales.  (Morales Decl. ¶

10, ECF No. 67-1)).  Next, the Defendant's argue that Mr. Morales "has not demonstrated that he

---

[2]  The Defendants concede that Mr. Morales is a member of the protected age group.  (Mot. For
Summ. J. 6, ECF No. 65).  The only argument asserted against the second prong, is that Merco
Group, Inc. was not an employer of Mr. Morales.  (Mot. For Summ. J. 7).  I have already
addressed and dismissed this argument.

was qualified for his position." Again, this statement is refuted by the Plaintiff's sworn

statement that he was qualified for the position he held at the Grand Bay Hotel. (Morales Decl. ¶

11). Given the disputed evidence in this matter there are several genuine issues of material fact.

Accordingly, the Defendants are not entitled to summary judgment.

### IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** as follows:

1. The Defendant's Motion to Dismiss (ECF No. 61) is **DENIED**.

2. The Defendants' Motion for Summary Judgment (ECF No. 65) is **DENIED**. The

   Defendants' Motion for Leave to File Amended Motion for Summary Judgment (ECF

   No. 72) is **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 24th day of January 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*

7